EVELEIGH, J., concurring.
 

 I agree with the majority opinion that bystander emotional distress is a derivative cause of action and that, therefore, the workplace accident in the present case was barred by the exclusivity provision of the Workers' Compensation Act (act). See General Statutes § 31-284 ; see also
 
 Galgano v. Metropol
 

 itan
 

 Property & Casualty Ins. Co.,
 

 267 Conn. 512
 
 , 521,
 
 838 A.2d 993
 
 (2004). I write separately, however, to emphasize that if the complaint in the present case had alleged sufficient facts to demonstrate that the accident at work fell within one of the known exceptions to employer immunity in the workers' compensation statutory scheme, the plaintiff, Jenny Velecela, would have had a viable action for bystander emotional distress. General Statutes § 31-293a.
 

 Section 31-293a provides in relevant part as follows: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent, and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1...." Accordingly, if the plaintiff in the present case had alleged sufficient facts to demonstrate that the death of the plaintiff's husband, Austin Irwin, was caused by another employee's wilful or malicious conduct or another employee's negligence in the operation of a motor vehicle, such an injury could have formed the basis of a claim of bystander emotional distress.
 

 The action in this case does not fail because the plaintiff was awarded benefits under the act. Indeed, just as a worker who receives compensation can bring an action in civil court if his case falls within an exception, so should a bystander spouse, who otherwise qualifies under our rules regarding bystander emotional distress, be allowed to bring an action. See
 
 Jett v. Dunlap,
 

 179 Conn. 215
 
 , 219,
 
 425 A.2d 1263
 
 (1979) ("[i]f the assailant [in a workplace assault] is of such rank in the corporation that he may be deemed the alter ego of the
 corporation under the standards governing disregard of the corporate entity, then attribution of corporate responsibility for the actor's conduct is appropriate"); see also
 
 Suarez v. Dickmont Plastics Corp.,
 

 229 Conn. 99
 
 , 110-13,
 
 639 A.2d 507
 
 (1994) (if plaintiff could prove that forbidding him to use vacuum cleaner and turn off machine was substantially certain to cause injury then, assuming alter ego status, a remedy existed). Accordingly, a claim for bystander emotional distress would also be viable for a third-party action brought by the representative of the estate if the complaint alleged facts to bring it within an exception to the exclusivity provisions of the act. Because I agree with the majority's analysis of the legal sufficiency of the complaint in the present case, I agree with that opinion.